UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| WILLIAM G. and JULIE A. HARSHAW, Husband and Wife, Individually and as Guardian of ROMAN A. HARSHAW, a minor,<br><br>Residents and Citizens of the Commonwealth of Virginia,<br><br>Plaintiffs,<br><br>v.<br><br>BETHANY CHRISTIAN SERVICES, A Michigan Corporation, and BETHANY CHRISTIAN SERVICES OF HAMPTON ROADS, A Michigan Corporation, and BETHANY CHRISTIAN SERVICES INTERNATIONAL, INC., A Michigan Corporation,<br><br>Defendants. | Case No. 1:08-CV-104<br><br>Hon. Paul Maloney<br>U.S. District Judge<br><br>Magistrate Timothy P. Greeley<br><br>**<u>REVISED</u>**<br>**<u>STIPULATION & ORDER</u>** |

| | |
|---|---|
| Rynbrandt & Associates<br>Kevin Abraham Rynbrandt (P46699)<br>Attorneys for Plaintiffs<br>1000 Front Street<br>Grand Rapids, MI  49504<br>616/477-9958<br><br>Mellon Webster & Shelly, P.C.<br>Thomas E. Mellon, Jr.<br>Samuel C. Totaro, Jr.<br>Elissa B. Heinrichs<br>Thomas E. Mellon, III<br>Co-Counsel for Plaintiffs<br>87 N. Broad Street<br>Doylestown, PA  18901<br>215/348-7700 | Varnum<br>Perrin Rynders<br>Elizabeth J. Fossel<br>Attorneys for Defendants<br>Bridgewater Place, 333 Bridge Street, N.W.<br>P.O. Box 352<br>Grand Rapids, MI  49501-0352<br>616/336-6000 |

In lieu of a hearing, and to resolve matters still outstanding in connection with Defendants' Motion to Compel (Docket Nos. 86 and 87) and Motion to Amend the Amended Case Management Order and to Strike Experts (Docket Nos. 98 and 99), the Parties, through their counsel, hereby stipulate and agree as follows:

1. Drs. Federici, Reid, and Aiello shall be permitted to testify as experts with respect to the scope of their diagnosis and treatment of Roman Harshaw. If any of them offer (or Plaintiffs seek to have them present) opinions beyond those stated in their reports and/or records:

    (a) Plaintiffs shall notify Defendants of each opinion but need not present a formal 26(a)(2)(B) report – rather the opinion may be explored in deposition by Defendants.

    (b) If any of these experts develop "new" opinions following their initial deposition, the expert shall be offered for deposition again but only as to the new opinion, the basis therefore, and its impact on other opinions.

    (c) Defendants may name new experts in response to any opinions that were not contained in the expert's prior reports and/or records within 21 days of the completion of the depositions related to any new opinion.

    (d) Defendants may supplement their expert reports within 21 days of the completion of the depositions related to any opinion.

    (e) Defendants shall offer any new expert (or experts who supplement their reports) for deposition.

2. Defendants deadline for expert reports shall be extended as follows:

    (a) The preliminary report of Thomas Burns shall be due by September 10, 2009.

        (1) If Dr. Burns recommends testing of Roman Harshaw, the parties shall take all reasonable steps to obtain that testing as soon as possible, taking into account the schedules of the plaintiffs and the medical providers.

        (2) The cost of testing and any reasonable out-of-pocket costs incurred by the Harshaws resulting from the need for testing shall be borne by Defendants.

        (3) Defendants may name as experts the individuals who perform the testing and/or analysis of testing of Roman Harshaw (eg, if a neurologist writes a report on EEG testing, that neurologist may be named as an expert) and a report shall be provided to Plaintiffs within 21 days of the completion of the testing.

        (4) Following completion of the testing, Dr. Burns shall have 21 days to amend or supplement his expert report.

    (b) The preliminary reports of Kate Moss and Jeff Johnson shall be due by December 21, 2009.

3. With respect to the 6/1/09 EEG/Clinical Neurophysiology report:

   (a) Plaintiffs may name new experts by September 21, 2009, and shall provide Defendants with Rule 26(a)(2)(B) expert reports from each new expert by October 21, 2009.

   (b) Defendants may name new experts by November 20, 2009 and shall provide Rule 26(a)(2)(B) expert reports by December 21, 2009.

   (c) If additional testing or evaluation of Roman Harshaw is deemed necessary by Defendants (including, but not limited to, any drug interaction issues):

       (1) Plaintiffs will present Roman for testing at mutually agreeable time in November or December.

       (2) The cost of testing and any reasonable out-of-pocket costs incurred by the Harshaws resulting from the need for testing shall be borne by Defendants.

       (3) Defendants may name as experts the individuals who perform the testing and/or analysis of testing of Roman Harshaw (eg, if a neurologist writes a report on EEG testing, that neurologist may be named as an expert) and a report shall be provided to Plaintiffs within 15 days of the completion of the testing.

4. Discovery depositions of any expert may be done at any time up to 30 days before trial.

5. The March 1, 2010 trial date shall be preserved.

6. The deadline for filing and serving dispositive motions may and should be extended to October 1, 2009.

      a.      Response briefs, if any, shall be filed and served on or before October 28, 2009.

      b.      Reply briefs, if any, shall be filed and served on or before November 4, 2009.

7. The Amended Case Management Order may and should be amended in accordance with paragraphs 1-6 above.

8. The parties will supplement their discovery responses to identify documents by bates stamp number (eg, if the discovery response required identification of Aiello records, instead of stating merely "see documents previously produced," plaintiffs will amend to specifically state "see Aiello records, Harshaw 000580 through 000589.")

9. The parties will create and exchange indexes of all documents produced to the other side. This index need not identify each document individually (unless appropriate) but rather shall categorize the documents in a reasonable and identifiable fashion (eg, "Harshaw 000580 through 00589: Aiello records 1/30/06 through 3/29/06;" or "BCS 001455 through 001468: 2003 Form 990 Bethany Christian Services International Inc." To the extent reasonably possible, Defendants will identify from which entity the documents came.

10. Plaintiffs shall make available to Defendants Plaintiffs' "Adoption Binders", in the exact manner in which the binders are ordinarily maintained for duplication by Defendants. The production of the binders shall take place in Virginia at a mutually agreeable time, but not later than October 15, 2009. Defendants shall bear the cost of the duplication of the binders.

11. Parties agree that the conclusion of the deposition of Deborah Holland may take place any time prior to December 31, 2009.

Respectfully submitted,

Varnum
Attorneys for Defendants

Dated: August 12, 2009    By: /s/ Perrin Rynders
    Perrin Rynders (P38221)
    Elizabeth J. Fossel
Business Address, Telephone, and E-mail:
    Bridgewater Place
    333 Bridge Street NW (49504)
    P.O. Box 352
    Grand Rapids, MI 49501-0352
    616/336-6000
    prynders@varnumlaw.com

Rynbrandt & Associates
Attorneys for Plaintiffs

Dated: August 12, 2009    By: /s/ Kevin Abraham Rynbrandt
    Kevin Abraham Rynbrandt (P46699)
Business Address, Telephone, and E-mail:
    1000 Front Street
    Grand Rapids, MI 49504
    616/477-9958
    kar@rynbrandt.com

and

Mellon Webster & Shelly, P.C.
Thomas E. Mellon, Jr.
Samuel C. Totaro, Jr.
Elissa B. Heinrichs
Thomas E. Mellon, III
Co-Counsel for Plaintiffs
87 N. Broad Street
Doylestown, PA 18901
215/348-7700

**<u>ORDER</u>**

IT IS SO ORDERED.


Date: August 18, 2009                    /s/ TIMOTHY P. GREELEY
                                        Magistrate Timothy P. Greeley


2827193_1.DOC