UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

WILLIAM G. and JULIE A. HARSHAW,
Husband and Wife, individually and as Guardian of
ROMAN A. HARSHAW, a minor,

    Plaintiffs,

       v.

BETHANY CHRISTIAN SERVICES,
A Michigan corporation, and
BETHANY CHRISTIAN SERVICES INT'L, INC.,
a Michigan corporation,

    Defendants.

Case No. 1:08-cv-104

HONORABLE PAUL L. MALONEY

---

## ORDER
### *" Harshaw 4 "*

**Granting Motion to Strike the Defendants' Summary-Judgment Supplemental SJ Brief**

This is a diversity tort case filed by Virginia residents, for harm sustained in Virginia, against Michigan corporations. Defendants BCS and BCSI have filed a motion to dismiss on several legal grounds, or in the alternative for summary judgment on more fact-intensive grounds, as to all four claims. The Harshaws opposed the motion to dismiss and cross-moved for summary judgment on the negligence-based claims (counts 2-4), though not on the intentional misrepresentation / fraud claim (count 1). Both sides filed opposition/reply briefs, and the deadline for filing reply briefs was November 4, 2009. Without seeking leave of court to file a sur-reply, the defendants filed a purported "supplement" to their summary-judgment reply brief on Tuesday, February 16, 2010, *see*

Doc 220, and the following day the plaintiffs moved to strike this supplement as unauthorized, *see* Doc 222. Today, the defendants responded that their latest summary-judgment filing was not a sur-reply, but a supplement made necessary by information recently learned in discovery, and that they will be very shortly filing a motion for leave to file the supplemental summary-judgment brief, *see* Doc 223.

The plaintiffs are correct. "It is well established that parties do not have a right to file a sur-reply brief, whether under the Federal Rules of Civil procedure or the local rules of our district, and both this court and other federal courts rarely grant leave to file a surreply." *Aslani v. Sparrow Health Sys. et al.*, 2009 WL 3711602, *22 (W.D. Mich. Nov. 23, 2009) (Maloney, C.J.) (footnote & citations omitted). "The court rules do not authorize [a party] to file supplemental briefs at his pleasure. The local court rule provides that '[t]he Court may permit or require further briefing.'" *Kim v. U.S. Dep't of Labor*, 2007 WL 4468723, *1 (W.D. Mich. Dec. 12, 2007) (Brenneman, M.J.) (quoting W.D. MICH. LCIVR 7.2), *R&R adopted*, 2008 WL 696469 (W.D. Mich. Mar. 12, 2008).

Defendants present no precedent suggesting that an unauthorized supplement to a reply brief should be treated more favorably than an unauthorized sur-reply brief. *Cf.* 71 C.J.S. PLEADING § 458 (June 2009) ("Where a motion to serve an amended pleading is denied, a party cannot secure the relief denied him or her by means of a supplemental pleading.") (citation to N.Y. App. Div. omitted).

The defendants may have good cause for failing to raise the supplement's issues in their reply brief before the November 2009 deadline for reply briefs, but they were obligated to assert such good cause in a motion for leave to file a supplemental brief *before* (or contemporaneously with) the filing of the intended supplement, rather than simply filing the supplement alone unilaterally. This is true even where the party seeking to file the supplemental brief has new

authority or evidence that was not available to him in the exercise of reasonable diligence when it filed the briefs allowed by the Rules. "The district court does not have to accept every filing submitted by a party." *Ross, Brovins & Oehmke, P.C. v. LEXIS/NEXIS Group*, 463 F.3d 478, 488-89 (6th Cir. 2006) (citing *Jones v. Northcoast Behavioral Healthcare Sys.*, 84 F. App'x 597, 599 (6th Cir. 2003), and holding that district court did not abuse its discretion in striking supplemental summary-judgment brief); *see, e.g., LaSalle Nat'l Bank Ass'n v. Wonderland Shopping Ctr. Venture Ltd. P'ship*, 223 F. Supp.2d 806, 808 n.1 (E.D. Mich. 2002) ("The Wonderland Defendants filed a 'Supplemental Brief Citing New Authority in Support of their Motion to Dismiss and/or for Summary Judgment' . . . . Because the wonderland Defendants did not seek leave f[rom] the Court to file this 'supplemental brief', the court will not consider it in . . . .") (citing *Best v. Dante Gentilini Trucking, Inc.*, 778 F. Supp. 360, 361 n.1 (E.D. Mich. 1991)).

## ORDER

The plaintiffs' motion to strike [doc #222] is **GRANTED**.

Defendants' supplement to their summary-judgment reply brief [doc #220] is **STRICKEN**.

This is <u>not</u> a final and immediately-appealable order.

**IT IS SO ORDERED** this 19th day of February 2010.

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge