UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM AND JULIE HARSHAW, Husband & Wife, individually and as guardians of ROMAN HARSHAW, | Case No. 1:08-cv-104 |
| Plaintiffs, | Honorable Paul L. Maloney |
| v. | |
| BETHANY CHRISTIAN SERVICES, BETHANY CHRISTIAN SERVICES INT'L, INC., and BETHANY CHRISTIAN SERVICES - HAMPTON ROADS, all Michigan corporations, | |
| Defendants. | |

# ORDER

**Denying the Defendants' Motion for Leave to File a Supplemental Appeal Brief**

In December 2009, the defendants filed a motion for leave to name an additional expert witness (Doc 178). The plaintiffs filed an opposition brief on January 4, 2010 (Docs 187-88), and the Magistrate Judge heard oral argument and issued a non-document order denying the defendants' the motion on January 25, 2010. On February 3, 2010, the defendants appealed to this judge (Doc 212), and the Harshaws filed an opposition brief on February 17, 2010 (Doc 223).

On Thursday, May 13, 2010, the defendants filed a motion for leave to file a supplemental brief in support of their appeal, arguing only that "the recent vacation of the trial date and related dates, the anticipated extension of the trial date in this matter[,] and the fact that expert discovery is still in its early stages [all] undercut[] any argument that Plaintiffs would be prejudiced by" granting the defense leave to name the additional expert witness." Doc 259 at 3. On Friday, May 14, 2010,

the Harshaws filed an opposition arguing that defendants should not be permitted to file a supplemental appeal brief (Doc 260).

The Harshaws state that the defendants never attempted to secure their concurrence, as required by our Local Civil Rules, before filing the motion for leave to file a supplemental brief, *see* Doc 260 at 2 n.1. The court determines that this alone warrants denial of the defendants' motion for leave to file a supplemental appeal brief. Our District's Local Civil Rule 7.1(d) provides,

> With respect to all motions, the moving party shall ascertain whether the motion shall be opposed. In addition, in the case of all discovery motions . . . . *All motions shall affirmative state the efforts of the moving party to comply with the obligation imposed by this rule*.

*Int'l Matex Tank Terminals-Illinois v. Chemical Bank*, 2009 WL 1651291, *1 (W.D. Mich. June 11, 2009) (Maloney, C.J.) (emphasis added). "'The importance of the communication required by this rule . . . cannot be overstated.'" *ECM Converting Co. v. Corrugated Supplies Co., LLC*, 2009 WL 385549, *2 (W.D. Mich. Feb. 13, 2009) (Maloney, C.J.) (quoting *Woodhull v. Kent Cty.*, 2006 WL 708662, *1 (W.D. Mich. Mar. 21, 2006) (Wendell Miles, J.)).

"The remedy for failure to seek concurrence under the Local Rule 7.1(d) is denial of the motion without prejudice." *Yetman v. CSX Transp., Inc.*, 2009 WL 35351, *1 (W.D. Mich. Jan. 6, 2009); *see, e.g., Price v. Eiring*, 2010 WL 848926, *12 (W.D. Mich. Mar. 5, 2010) (Jonker, J.) (adopting R&R which stated that motion for leave to amend complaint was "improperly filed" and should be denied because the "plaintiff did not seek concurrence from opposing counsel to determine if the motion would be opposed nor affirmatively state his efforts to seek concurrence as required by the local court rules") (citing W.D. MICH. LCIVR 7.1(d)) (footnote 5 omitted); *Kim v. USDOL*, 2007 WL 4284893, *1 (W.D. Mich. Dec. 4, 2007) (Brenneman, M.J.) ("[T]he court properly denied plaintiff's motion for judgment on the pleadings because he failed to seek concurrence under the

local court rule . . . ."); *Deuel v. Law Offices of Timothy e. Baxter & Assocs., P.C.*, 2008 WL 482850, *1 (W.D. Mich. Feb. 18, 2008) (Brenneman, M.J.) (denying motion for a more definite statement because it "failed to affirmatively state the efforts it made to ascertain whether the motion would be opposed" and failed to file a supporting brief, in violation of W.D. MICH. LCIVR 7.1(d) and 7(a)).

In any event, even if the defendants had complied with the local civil rules regarding efforts to obtain opposing counsel's concurrence before filing the motion for leave to file a supplemental brief, the court would deny leave. As the Harshaws correctly note,

> Bethany's proposed supplemental brief (Doc 259-2) introduces absolutely no new facts or arguments. Neither Bethany's proposed supplemental brief nor the motion and brief for leave to file the same (Doc 259) cites a single case. * * *

Doc 260 at 2. In addition, the court declines the Harshaws' invitation (Doc 260 at 4-5) to impose their attorneys fees and costs on the defendants pursuant to 28 U.S.C. § 1927 and/or FED. R. CIV. P. 11 as a sanction for seeking leave to file the supplemental appeal brief.

## ORDER

The defendants' motion for leave to file a supplemental brief in support of their appeal **[document #259] is DENIED**.

This is <u>not</u> a final, immediately appealable order. *Griffin v. Reznick*, 609 F. Supp.2d 695, 709 (W.D. Mich. 2008) (citing, *inter alia*, *Tanner Co. v. US*, 575 F.2d 101, 102 (6th Cir. 1978)).

**IT IS SO ORDERED this      18th     day of May 2010.**

/s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge