UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM G. and JULIE A. HARSHAW,
husband and wife, individually,

        Plaintiffs,

vs.

BETHANY CHRISTIAN SERVICES, a Michigan corporation; and
BETHANY CHRISTIAN SERVICES INTERNATIONAL, INC., a Michigan corporation,
And BETHANY CHRISTIAN SERVICES OF HAMPTON ROADS, INC. a Michigan corporation,

        Defendants.
        _____/

Case No. 1:08-cv-104

Hon. Paul L. Maloney

KEVIN A. RYNBRANDT (P-46699)
Rynbrandt & Associates
Attorneys for Plaintiffs
1000 Front Street
Grand Rapids MI 49504
(616) 915-9266

SAMUEL C. TOTARO, JR.
ELISSA B. HEINRICHS
Mellon Webster & Shelly, PC
Co-Counsel for Plaintiff
87 N. Broad Street
Doylestown PA 18901
(215) 348-7700

MARK J. ZAUSMER (P-31721)
CAMERON R. GETTO (P-57300)
Zausmer, Kaufman, August Caldwell & Tayler
Attorneys for Defendants
31700 Middlebelt Road, Suite 150
Farmington Hills MI 48334-2374
(248) 851-4111

_____/

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE USE OF MICHIGAN'S SUBSTANTIVE LAW IN REDUCING PLAINTIFFS' FUTURE DAMAGE CLAIM TO PRESENT VALUE**

NOW COME DEFENDANTS, BETHANY CHRISTIAN SERVICES, BETHANY CHRISTIAN SERVICES INTERNATIONAL, INC. and BETHANY CHRISTIAN

SERVICES OF HAMPTON ROADS, and for their Motion in Limine to Exclude Use of Michigan's Substantive Law in Reducing Plaintiffs' Future Damage Claim to Present Value, state as follows:

1. This case involves claims of fraud/intentional misrepresentation, negligent misrepresentation and negligent failure to disclose against three corporate entities.

2. In late November, Plaintiffs' economics expert drafted two new reports shortly before his deposition—one report intended to replace the original report, and a second report labeled an "Addendum." Exhibits A & B.[1]

3. The first report, dated November 18, 2010 appropriately used Virginia law to reduce the future damage claim to present value. Exhibit A.

4. The second report, dated November 29, 2010, improperly added calculations using Michigan law to reduce the future damage claim to present value. Exhibit B.

5. The Court, on Defendants' Motion [DE 206 & 207] for an Order Declaring the Applicable Substantive Law, ruled that Virginia law applies to this case. Harshaw 5 [DE 229] (February 25, 2010).

6. Hence, Virginia substantive law controls all substantive elements of the claims in this case, including Plaintiffs' damages claims.

7. Virginia law requires that future damages be reduced to present value and

---

[1] Some of the claims asserted in the reports were untimely, are without adequate basis, and are the subject of a pending Motion to Strike [DE 317]. Regardless of the outcome of that motion, it is apparent that whatever future damages claims are permitted to move forward, the issue of how they will be reduced to present value before the jury must be addressed prior to trial pursuant to the requirements of Virginia law.

presented to the jury. *CSX Transp., Inc. v. Casale*, 247 Va. 180, 186, 441 S.E.2d 212, 216 (1994).

8. According to the Supreme Court of Virginia:

> [W]hen a verdict is based upon the deprivation of future benefits, it will provide more than reasonable compensation if it is formed by merely aggregating the benefits without taking into account 'the earning power of the money that is presently to be awarded. It is self-evident that a given sum of money in hand is worth more than the like sum of money payable in the future.' [Citation omitted].

*CSX, supra*, at 184.

9. Plaintiffs' economics expert, Dr. Scott Vander Linde, agreed that future damages should be reduced to present value in this case using a compounding interest model pursuant to Virginia law, rather than Michigan's simple interest model under MCLA 600.6306(2). Exhibit A, pg. 2.

10. In fact, Dr. Vander Linde stated in his November 18, 2010 "replacement" report that "The revision incorporates . . . a discount rate pertinent for its Virginia trial milieu instead of the discount rate procedure required by Michigan Court Jury Instructions." Exhibit A, pg. 2.

11. In Dr. Vander Linde's "Addendum," he improperly, and without basis, "reincorporates net present value tables . . . using a Michigan Circuit Court defined 5% simple interest rate." Exhibit B, pg. 2.

12. However, when Dr. Vander Linde was deposed, he testified that the better and more accurate model reflecting reduction to present value was using a compounding interest model. Deposition of Dr. Vander Linde, pg. 15, ln. 14 to pg, 16, ln. 20 (attached as Exhibit C).

13. Because the Court has already ruled that Virginia law applies to this case, there

is no basis for using any aspect of Michigan state statutory law to govern this case.

14. Michigan substantive law, and particularly MCLA 600.6306(2), has no application in this United States District Court which is presiding over this diversity jurisdiction case in which Virginia's substantive law applies.

15. Concurrence in the relief requested in this Motion in Limine was sought on December 18, 2010, but concurrence was not granted.

WHEREFORE, Defendants request that the Court grant Defendants' Motion to Exclude the Use of Michigan's Substantive Law in Reducing Plaintiffs' Future Damages Claim to Present Value.

Respectfully submitted,

ZAUSMER, KAUFMAN, AUGUST,
CALDWELL & TAYLER, P.C.

/s/ Cameron R. Getto
MARK J. ZAUSMER (P31721)
CAMERON R. GETTO (P57300)
Attorneys for Defendants
(248) 851-4111 – cgetto@zkact.com

Dated: December 21, 2010

### CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2010, the foregoing papers, Defendants' Motion in Limine to Exclude Use of Michigan's Substantive Law in Reducing Plaintiffs' Future Damage Claim to P Resent Value, Brief in Support, and this Certificate of Service were submitted for filing and uploading to the ECF system, which will send notification of said filing to: counsel of record: Samuel C. Totaro, Jr., Elissa H. Heinrichs, and Kevin A. Rynbrandt.

/s/Cynthia A. Foxa
Cynthia A. Foxa

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM G. and JULIE A. HARSHAW,
husband and wife, individually,

        Plaintiffs,

vs.

BETHANY CHRISTIAN SERVICES, a Michigan
corporation; and
BETHANY CHRISTIAN SERVICES
INTERNATIONAL, INC., a Michigan corporation,
And BETHANY CHRISTIAN SERVICES OF
HAMPTON ROADS, INC. a Michigan corporation,

        Defendants.
                                                     /

Case No. 1:08-cv-104

Hon. Paul L. Maloney

| | |
|---|---|
| KEVIN A. RYNBRANDT (P-46699)<br>Rynbrandt & Associates<br>Attorneys for Plaintiffs<br>1000 Front Street<br>Grand Rapids MI 49504<br>(616) 915-9266<br><br>SAMUEL C. TOTARO, JR.<br>ELISSA B. HEINRICHS<br>Mellon Webster & Shelly, PC<br>Co-Counsel for Plaintiff<br>87 N. Broad Street<br>Doylestown PA 18901<br>(215) 348-7700 | MARK J. ZAUSMER (P-31721)<br>CAMERON R. GETTO (P-57300)<br>Zausmer, Kaufman, August Caldwell & Tayler<br>Attorneys for Defendants<br>31700 Middlebelt Road, Suite 150<br>Farmington Hills MI 48334-2374<br>(248) 851-4111 |

_____/

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
USE OF MICHIGAN'S SUBSTANTIVE LAW IN REDUCING PLAINTIFFS'
FUTURE DAMAGE CLAIM TO PRESENT VALUE**

I. **STATEMENT OF FACTS**

The factual and legal disputes in this case have been cited in multiple briefs and court opinions and are well known to this Court. We, therefore, incorporate by reference the facts set forth in Defendants' Brief in Support of Motion for an Order Declaring the Applicable Substantive Law [DE 229] at pgs. 3-11.

II. **BOTH FEDERAL PROCEDURAL AND STATE SUBSTANTIVE LAW ARE APPLICABLE IN DETERMINING THE ADMISSIBILITY OF DAMAGES EVIDENCE.**

In federal diversity actions, state law governs substantive issues and federal law governs procedural issues. *Legg v. Chopra*, 286 F.3d 286, 289 (6th Cir. 2002), citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Rules of Evidence are deemed to be rules of procedure, and, therefore, the Federal Rules of Evidence apply in federal diversity proceedings. *Legg* at 289. Where state evidentiary rules have substantive aspects – for example, where state substantive law requires damages to be reduced to present value by the jury – the federal court must look to substantive state law to properly make evidentiary decisions concerning the substantive aspects of the damages claims.

In this case, this Court has already ruled that the substantive law of Virginia applies. Harshaw 5 [DE 229] (February 25, 2010). Hence, with regard to the substantive law governing this case, the Court must look to Virginia law. Because Virginia substantive law requires a jury to hear evidence of reduction of future damages to present value, as set forth below, this Court should preclude Plaintiffs from presenting testimony,

arguing before the jury, or otherwise submitting evidence of Michigan law's model[2] of reduction to present value.

### III. VIRGINIA LAW ENTITLES A DEFENDANT TO PRESENT EVIDENCE OF REDUCTION OF FUTURE DAMAGES TO PRESENT VALUE TO THE FACT FINDER

Virginia law clearly requires a jury to determine how and by how much future damages should be reduced to present value. According to the Supreme Court of Virginia, in *CSX Transp., Inc. v. Casale*, 247 Va. 180, 186, 441 S.E.2d 212, 216 (1994):

> [W]hen a verdict is based upon the deprivation of future benefits, it will provide more than reasonable compensation if it is formed by merely aggregating the benefits without taking into account 'the earning power of the money that is presently to be awarded. It is self-evident that a given sum of money in hand is worth more than the like sum of money payable in the future.' [Citation omitted].

*CSX* goes on to state:

> Recognizing that the calculation of present value 'may be a difficult mathematical computation' for the average juror to make, the Supreme Court has said that the procedural and evidentiary law of the forum should determine whether 'the difficulty should be met by admitting the testimony of expert witnesses, or by receiving in evidence the standard interest and annuity tables in which present values are worked out at various rates of interest and for various periods covering the ordinary expectancies of life'. [Citations omitted].

CSX, supra, at 184-185. The case specifically authorizes a defendant to go "forward with evidence to enable the fact finder to make a rational determination on the issue." *Id.* at 186.

Plaintiffs' own expert, Dr. Vander Linde, firmly believes that future alleged damages in this case should be reduced to present value. Dr. Vander Linde recognized

---

[2] Michigan statutory law reduces to present value using a simple interest model. MCLA 600.6304(2). Moreover, Michigan law directs the Court to reduce to present value after a verdict, which is completely different from Virginia law as set forth more fully elsewhere in this Brief.

the proper application of Virginia law in his November 18, 2010 report. The report states that "The revision incorporates . . . a discount rate pertinent for its Virginia trial milieu instead of the discount rate procedure required by Michigan Court Jury Instructions." Exhibit A, pg. 2.

When deposed, Dr. Vander Linde testified that using a compounding model was better and more accurate than using Michigan's simple interest model for reduction to present value:

> Q: [T]he Virginia calculations that you did on one of your reports didn't use a simple interest calculation, correct?
>
> A: That's correct.
> . . . .
> Q: You would agree that simple interest is not a reliable predictor of the future when forecasting costs?
>
> A: I'll put it this way. When people have an option, they will try to invest in such a way that they can compound their interest. . . .
>
> Q: When calculating the time value of money, you would agree that the model that most closely mimics reality is the compounding model, not the simple interest model.
>
> A: Again, if people are – have the intention of getting the most out of their interest, they will try to compound, that's correct.
>
> Q: And that's because, generally speaking, that maximizes the benefit.
>
> A: It will provide the most benefit for the interest that's being earned, that's correct.
>
> Q: What do you believe the best model, to predict what the value of a dollar is 30 years from now, would be?
>
> A: Methodologically are you asking?
>
> Q: Yes.
>
> A: As I did in the report, when given the option to indicate an interest rate or a discount rate in this case, I will use a compound rate.

3

> Q: And that's because an award of damages today would be invested or would grow pursuant to a compound model, if used appropriately for the benefit of a child, correct?
>
> A: If I were doing the investing – and different people have different perspectives on this. But if I were doing the investing myself and received a large lump sum today, I would invest it and manage it in such a way that I would take advantage of compounding.

Deposition of Dr. Vander Linde, pg. 15, ln. 14 to pg, 16, ln. 20. Dr. Vander Linde continued:

> Q: We can agree that one of the purposes of awarding future damages and reducing those future damages to present value is to avoid a windfall to a plaintiff; is that correct?
>
> A: That's correct.
>
> Q: And if I understand your testimony correctly, the better way to avoid that windfall is to use a compounding model to reduce those damages to present value, is that correct?
>
> A: Yeah. And I would add, not just a windfall, but to underpay them, as well. So either provide a windfall or a significant loss down the road. What the intent is to make the person whole. And to make the person whole, you want to line up the future loss with some amount today. And if it's possible for a person to take that lump sum today and invest it with some compounding, then that's an appropriate model to give them that future amount down the road.
>
> Q: . . . You would agree that to mimic reality – in other words, to try to match dollar for dollar what a future award is supposed to represent, such as for example, in Ms. Yudkoff's report – the better model would be a compounding reduction to present value model, as opposed to a simple interest model?
>
> A: It would include compounding, as well as using appropriate discount rates themselves to generate that future damage amount.
>
> Q: And that's what you tried to do in your report that focused on the compounding model. And that was the report of just over a week ago, correct?
>
> A: The November 18 report, that's correct.

4

Deposition of Dr. Vander Linde, pg. 18, ln. 1 to pg. 19, ln. 3. Finally, Dr. Vander Linde confirmed beyond any doubt that his chosen and preferred model, as Plaintiffs' own expert, is the compound model:

> Q: Now, when you say a discount rate pertinent for Virginia, what is your understanding of how Virginia discounts?
>
> A: That they leave it to the economist to choose the discount rate they believe is appropriate for the situation.
>
> Q: And so your calculations represent then, I take it, what you believe is an appropriate discount rate?
>
> A: That's correct.

Deposition of Dr. Vander Linde, pg. 39, lns. 17-23. Based on this testimony of Plaintiffs' own expert, there can be no question the compounding model should apply here. Based on Dr. Vander Linde's testimony and the *CSX* case, *supra*, the compounding model of reduction of future damages to present value is the proper one under Virginia law, and there is no legal, factual or opinion basis to apply the Michigan 5% simple interest model[3] in this case.

## IX.  REQUEST FOR RELIEF

For all the foregoing reasons, Defendants request that the Court enter an Order that:

1. Limits the testimony of Dr. Vander Linde by prohibiting him from testifying concerning Michigan's simple interest model for reduction to present value of future damages;

---

[3] Another major difference between Michigan law and Virginia law is that Michigan law requires the court to reduce future damages to present value after the verdict, whereas Virginia law requires the jury or fact finder to make this determination and include it in the verdict. Compare MCLA 600.6304(2) with *CSX, supra*.

5

2. Precludes any argument, evidence or other presentation by any witness that would include a simple interest model for reduction to present value of future damages;

3. Strikes the portions of Dr. Vander Linde's report(s) that include the simple interest model and further precludes him from presenting any report the Court may permit him to use that includes a simple interest model;

4. Requires Dr. Vander Linde to stick to his November 18, 2010 report when testifying or presenting evidence to be used at trial, and specifically requiring Dr. Vander Linde to include in whatever version of his report the Court may permit him to use, the reduction to present value calculations pursuant to the compounding model set forth in his November 18, 2010 report.

                          Respectfully submitted,

                          ZAUSMER, KAUFMAN, AUGUST,
                          CALDWELL & TAYLER, P.C.

                          /s/ Cameron R. Getto
                          MARK J. ZAUSMER (P31721)
                          CAMERON R. GETTO (P57300)
                          Attorneys for Defendants
                          (248) 851-4111 – cgetto@zkact.com

Dated:  December 21, 2010

# EXHIBIT A